1  DILAN A. ESPER (Bar No. 178293)
2  desper@harderllp.com
   HARDER LLP
3  132 S. Rodeo Dr., Fourth Floor
4  Beverly Hills, CA 90212
5  Tel.  (424) 203-1600
   Fax  (424) 203-1601
6
7  Attorneys for Applicant Eurasian Natural
   Resources Corporation Ltd.
8

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| In re Application of | No. _____ |
|---|---|
| EURASIAN NATURAL RESOURCES CORPORATION LTD., | **APPLICATION OF EURASIAN NATURAL RESOURCES CORPORATION FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING** |
| Applicant. | **[DECLARATION OF MAGNUS BOYD FILED CONCURRENTLY]** |

# JURISDICTION

This Court has jurisdiction over this application pursuant to 28 U.S.C. § 1782 because it is an application for discovery for use in a foreign proceeding..

# INTRADISTRICT ASSIGNMENT

This application is assigned to this District because the witness that Applicant wishes to subpoena is located in San Francisco, CA.

# APPLICATION

Applicant Eurasian Natural Resources Corporation Ltd. ("ENRC") hereby applies for an order permitting discovery under 28 U.SC. § 1782 for use in a foreign judicial proceeding in the United Kingdom.

Section 1782 permits an application for discovery "upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court". 28 U.S.C. § 1782.

Section 1782 discovery does not require a specific pending judicial proceeding; it is enough that the proceeding is "within reasonable contemplation". *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004).

"Three elements must be satisfied before 28 USC § 1782 may be invoked: (a) the person from whom discovery is sought resides, or can be found, in the district where the application is made, (b) the discovery is for use in a proceeding before a foreign tribunal, and (c) the application is made by a foreign or international tribunal or 'any interested person.'" *California Practice Guide: Federal Civil Procedure Before Trial California & 9th Circuit Editions* § 11:1290 (The Rutter Group 2017) ("*Rutter Group Federal Procedure*").

In this case, the discovery will be directed to Danny Fortson, an individual residing and working in this judicial district. The discovery is for use in a contemplated action in the United Kingdom. And the application is being made by an "interested person", ENRC, who is attempting to obtain relevant evidence for a

prospective claim.

Relief under Section 1782 is discretionary. Factors to be considered in exercising the Court's discretion include the need for the federal court's assistance, the receptivity of the foreign tribunal to the federal court's assistance, and the scope of discovery sought, including whether it attempts to circumvent restrictions imposed by the foreign court. *Rutter Group Federal Procedure* §§ 11:1305.1-11:1305.3.

However, there is no requirement that the discovery must be available under the foreign court's rules before it may be ordered by a US District Court. *Intel*, 542 U.S. at 261.

In the case at bar, there is a need for federal court assistance because Fortson lives and works in the Northern District of California and is arguably not amenable to process or personal jurisdiction in the United Kingdom. Further, the documents and information that are sought are within his possession, custody, and control and are thus within the jurisdiction of this Court and may not be within the jurisdiction of the UK courts.

The United States and the United Kingdom enjoy a very good diplomatic relationship and there is no reason to believe that the UK courts would interpose any sort of objection to a District Court ordering discovery.

Finally, this discovery is relevant to potential claims that ENRC is reasonably likely to bring. ENRC retained the law firm of Dechert LLP to provide legal services relating to the investigation of a whistleblower's claim that one or more ENRC subsidiaries engaged in wrongdoing. ENRC eventually terminated the retainer. Soon thereafter, a letter written by Dechert LLP to ENRC and containing confidential information was leaked (the "Letter"). A copy of the confidential letter was provided to Fortson who wrote an article published in *The Sunday Times* which referred to the fact and content of the Letter. The termination of Dechert LLP's retainer was acrimonious and Dechert LLP thus had an apparent motive to leak the Letter. The leaking of the Letter caused damage to ENRC and ENRC is reasonably

likely to bring an action in the English courts against the leaker(s) once discovered.

By this application, ENRC seeks discovery from Fortson, the journalist who authored the article in the *Sunday Times* that quoted from the Letter. The Letter contained privileged and confidential information obtained from ENRC and which ENRC believes was transmitted to Fortson in violation of Dechert LLP's contractual and legal duties to maintain information in confidence. The publishing of the confidential information contained in the Letter was highly prejudicial to ENRC.

ENRC seeks the discovery sought by this application from Fortson so as to establish a claim that Dechert LLP violated its duty to safeguard confidential information. This discovery being sought in this Court because Fortson can be found in this district, and is therefore not being sought to circumvent any restrictions on discovery imposed by the High Court.

Accordingly, ENRC respectfully requests that this Court grant the relief and permit the service of a subpoena for documents and testimony.

Respectfully submitted,

DATED: February 23, 2018

DILAN A. ESPER
HARDER LLP

By _____

Attorneys for Applicant